IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANTAE PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:20-cv-02297 |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE TELEKOM D/B/A | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, SHANTAE PAYNE, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DEUTSCHE TELEKOM D/B/A T-MOBILE USA, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. SHANTAE PAYNE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the Town of Plainfield, County of Hendricks, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. DEUTSCHE TELEKOM D/B/A T-MOBILE USA, INC., (hereinafter, "Defendant") is a business entity engaged in providing consumer telecommunication services and cellular services within the State of Indiana. Defendant's principal place of business is located in the State of Washington. Defendant is incorporated in the state of Indiana.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Southern District of Indiana and received her discharge on November 21, 2018.

10. At the time Plaintiff filed his bankruptcy petition, she owed a debt to Defendant. The debt was for cellular services.

11. Plaintiff scheduled the aforementioned debt in his/her bankruptcy petition as an unsecured debt.

12. At the time Plaintiff filed her bankruptcy petition, she owed no other debt to Defendant.

13. At the time Plaintiff filed her bankruptcy petition, she had no other accounts with Defendant.

14. Defendant was put on notice that Plaintiff's account incurred with Defendant was discharged as of November 21, 2018.

15. At no time since November 21, 2018 has Plaintiff owed any debt to Defendant.

16. At no time since November 21, 2018 has Plaintiff had any accounts open with Defendant.

17. At no time since November 21, 2018 has Plaintiff had any personal credit account with Defendant.

18. At no time since November 21, 2018 has Plaintiff had any personal business relationship with Defendant.

19. Given the facts delineated above, at no time since November 21, 2018 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

20. Given the facts delineated above, at no time since November 21, 2018 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

21. On or about April 4, 2019, Defendant accessed Plaintiff's individual and personal credit file from Trans Union LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

22. Thereafter, Plaintiff initiated a lawsuit against Defendant in the Southern District of Indiana, case number 1:19-cv-04359-JMS-MPB, alleging violations of the Fair Credit Reporting Act for gaining unpermitted access to Plaintiff's personal credit file.

23. The aforesaid case was resolved and dismissed in January of 2020.

24. At that time, Defendant was certainly aware that it had no reason or permission to gain access to Plaintiff's personal credit file.

25. On or about May 18, 2020, despite being cognizant of the facts as delineated above, Defendant again accessed Plaintiff's individual and personal credit file from Trans Union LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

26. At no time on or prior to May 18, 2020 did Plaintiff consent to Defendant accessing his/her individual and personal credit report.

27. On or about May 18, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

28. On or about May 18, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

29. On or about May 18, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

30. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

31. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

32. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

33. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

34. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

35. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

36. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

37. On or about May 18, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

38. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

39. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **JURY DEMAND**

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHANTAE PAYNE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SHANTAE PAYNE**


By:   s/ David M. Marco
       Attorney for Plaintiff


Dated: September 2, 2020


David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com